**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-1674-20
                    A-2064-20[1]

CHAIM FRIEDMAN and
NISSEL FRIEDMAN,

     Plaintiffs-Appellants,

v.

SAMUEL SCHWARTZ,

     Defendant-Respondent.

_____

CHAIM FRIEDMAN and
NISSEL FRIEDMAN,

     Plaintiffs-Respondents,

v.

SAMUEL SCHWARTZ,

     Defendant-Appellant.

_____

Argued January 20, 2022 – Decided July 13, 2022

---

[1] These appeals originally calendared back-to-back are consolidated for purposes of opinion only.

Before Judges Hoffman, Whipple and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0364-18.

David C. Steinmetz argued the cause for appellants in A-1674-20 and respondents in A-2064-20 (Steinmetz, LLC, attorneys; David C. Steinmetz, on the briefs).

Nancy Isaacson argued the cause for respondent in A-1674-20 and appellant in A-2064-20 (Greenbaum, Rowe, Smith & Davis LLP, attorneys; Nancy Isaacson, on the briefs).

PER CURIAM

Plaintiffs Chaim and Nissel Friedman appeal from a January 11, 2021 Law Division order granting summary judgment to defendant Samuel Schwartz and dismissing with prejudice Count III (unjust enrichment), Count IV (waste of landlord's property), and Count V (negligent care of landlord's property) of their complaint.[2]   Defendant also appeals, challenging a February 19, 2021 order denying his motion for frivolous litigation sanctions against plaintiffs and their attorney.  We affirm both orders.

---

[2]  The first two counts of plaintiffs' complaint, seeking damages for breach of contract and breach of the covenant of good faith, were dismissed because they were time barred by the statute of limitations.

Plaintiffs commenced this litigation against defendant on February 8, 2018, twelve years after the parties entered into a five-year lease agreement, with an option to buy, in June 2006, for defendant to occupy plaintiffs' property located at 763 Montgomery Road, Hillsboro, New Jersey (the Property), seven years after the lease expired by its terms, and five years after plaintiffs allege defendant vacated the Property. Paragraph 12 of the lease barred plaintiffs from access to the Property without defendant's prior written consent, which defendant was free to withhold in his "sole option and discretion."

While the lease expired by its terms in July 2011, plaintiffs' complaint alleged that defendant had not paid monthly rent of $2,600 since January 2008, and thereafter "occup[ied] the Property until August 2013, as a holdover tenant." Plaintiffs claim they discovered that defendant vacated the Property in August 2014, when they received notice from Hillsborough Township advising that the house appeared abandoned and declaring it "an unsafe structure."

Plaintiffs filed suit in February 2018, after ascertaining defendant's whereabouts in Israel. Plaintiffs' complaint sought damages under five separate counts: 1) breach of contract, 2) breach of the covenant of good faith and fair dealing, 3) unjust enrichment, 4) waste of landlord's property, and 5) negligent

care of landlord's property. In July 2018, defendant retained counsel, who filed an answer on August 8, 2018.

During this litigation, defendant moved for summary judgment three times. Defendant first moved for summary judgment after filing his answer, seeking to dismiss the litigation as time barred. The motion court granted summary judgment; however, three of the five counts (which are the subject of this appeal), while initially dismissed, were later reinstated to provide plaintiffs with the opportunity to take discovery. Defendant next moved for summary judgment on December 19, 2019, after the close of discovery and after plaintiffs failed to serve any discovery requests.

Plaintiffs opposed the second summary judgment motion by producing, through their counsel's certification, several documents to establish the date of defendant's occupancy of the Property: a lease and assignment of lease, utility bills in the name of Sam Adam, and correspondence from defendant regarding an unrelated legal proceeding wherein his address is listed as that of the Property. Defendant responded by certifying that: 1) he granted an assignment of lease with an option to buy 763 Montgomery Road, Hillsborough to Samuel Adam (Sam), Trustee for the Schwartz Justice Trust, recorded May 13, 2008; 2) a further assignment of lease with an option to buy for the Property from Samuel

A-1674-20

Adam, Trustee to Samuel Adam was recorded May 13, 2008; 3) Sam Adam was a close friend.

In 2008, defendant apparently became quite ill, and Sam helped take care of him and his personal affairs. Sam lived with defendant at the Property from time to time. Defendant noted that when he said "lived" at the Property, he meant the garage, as the "house" was not habitable. After defendant moved to Israel to obtain more affordable medical care after his health insurance was cancelled, Sam occasionally checked on the Property.

The court denied the second summary judgment motion, identifying two factual issues related to remaining counts of the complaint: 1) whether defendant resided at the Property after January 2008 (Count Four); and 2) the condition of the Property before and after defendant resided there (Counts Three and Five). The court ruled that a jury could find that defendant occupied the Property after January 2008 from the documents submitted in opposition to the second summary judgment motion.

On June 6, 2019, plaintiffs filed a motion to reopen discovery, the day after the discovery end date. Over objection, the court granted the motion, extending discovery to December 15, 2019. On that date (December 15), plaintiffs served a subpoena ad testificandum, via email, for defendant to

5 A-1674-20

produce "any and all documents" relevant to "this litigation." Defendant promptly filed a motion to quash the subpoena, which the court granted.

The only evidence that plaintiffs submitted to the court are pictures that were taken after plaintiffs received the notice that the Property was in disrepair. Plaintiffs also contended, without supporting evidence, that defendant and Sam "undeniably lived on the Property from 2008 until 2013." Plaintiffs further alleged, again without supporting evidence, that defendant and, presumably Sam, "set out to destroy the Property because of a hatred and contempt for the Friedmans . . . ."

Plaintiffs unsuccessfully attempted to establish defendant's residency at the Property by using statements made by defendant in court pleadings here and in Israel. In addition, Chaim Friedman certified that plaintiffs spent years looking for defendant, without providing any details of their efforts or providing any corroborating evidence.

Further, plaintiffs unsuccessfully attempted to utilize defendant's affidavit to establish when he emigrated to Israel and construe it as evidence of the date that he abandoned the Property. Defendant contradicted plaintiffs' certification in a response certification, stating that he is a citizen of the United States, that

6

he travelled back and forth to the United States from Israel, and that he has an address in Livingston and a New Jersey driver's license.

In a February 24, 2020 certification, defendant explained that he and Chaim Friedman have "known each other since childhood. We agreed to a business venture to develop [the Property] for our mutual benefit." Their Investment Agreement for the venture specifically noted that the house "was to be demolished" as it "was not in livable condition when [p]laintiffs took ownership" of the Property.

In September 2020, defendant moved for summary judgment a third time, arguing that plaintiffs' failure to provide evidence to prove their remaining claims should entitle him to summary judgment. Supporting the entry of summary judgment for defendant was plaintiffs' failure to respond to defendant's second notice to produce documents seeking documents related to plaintiffs' damages and plaintiffs' failure to produce any further evidence in response to defendant's initial discovery requests, including any documents related to the condition of the Property in 2006 (when the of Lease commenced), 2012 (the date Chaim Friedman certified that he heard from a neighbor that defendant vacated the Property), or 2018 (the date the Township of Hillsborough sent a Notice of Inhabitability).

7

The court granted the third summary judgment motion because plaintiffs had not come forth with the necessary evidence to sustain their burden of proof, notwithstanding that discovery ended on December 19, 2019, and that plaintiffs, until opposing the summary judgment motion, had not moved to reopen discovery. As the court explained:

> The court finds that this case is ripe [for] summary judgment. Plaintiff argues that summary judgment is inappropriate due to incomplete discovery. However . . . , discovery has been closed for almost a year and the court has denied [p]laintiffs' request to reopen discovery at this point. Plaintiffs also argue there is ample evidence to demonstrate Counts III, IV, and V of the Complaint. For Count III, [p]laintiffs merely state that ample evidence exists and accuse opposing counsel of lying about the lack of evidence. This is not an argument that can overcome the standard of summary judgment. Plaintiffs also argue that there is a material dispute over Counts IV & V regarding the duration of the time [d]efendant lived at the Property and the condition of the property. While the court acknowledge[s] this is disputed, there is nothing in the record, due to plaintiffs['] failure to make discovery, that [provides] the court evidence of the duration of time that the [d]efendant lived at the Property. However, the court finds that it has not been show[n] anywhere in the record, due to the lack of discovery, to resolve these issues. Therefore, the court finds that [p]laintiffs have not been able to produce evidence that can prove their cause of action. As such, . . . summary judgment is hereby GRANTED.

8

On August 6, 2018, defendant served plaintiffs' counsel with a frivolous litigation letter, pursuant to N.J.S.A. 15:59.1 and Rules 1:48 and 1:52. After finally obtaining the summary judgment dismissal of the remaining counts of plaintiffs' complaint, defendant timely filed a motion for frivolous litigation sanctions. The court denied the motion on February 19, 2021, principally reasoning that the record did not support defendant's contention that plaintiffs pursued this litigation in bad faith or with knowledge that their claims were frivolous.

These appeals followed, with plaintiffs asserting that the motion court erred in granting summary judgment to defendant and urging this court to reverse and remand for trial. Defendant also appeals, contending that the motion court erred in not entering frivolous litigation sanctions against plaintiffs and their attorney.

## II.

We review a grant of summary judgment de novo, observing the same standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015) (citing Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014)). Summary judgment should be granted only if the record demonstrates "there is no genuine issue as to any material fact challenged and that the moving party is entitled to

a judgment or order as a matter of law." R. 4:46-2(c). In determining whether a summary judgment motion was properly granted, we review the evidence, "draw[ing] all legitimate inferences from the facts in favor of the non-moving party." Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016) (citing R. 4:46-2(c)); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

If no genuine issue of material fact exists, the inquiry then turns to whether "the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citation omitted). Our review of issues of law is de novo; we accord no deference to the trial court's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (citing Murray v. Plainfield Rescue Squad, 210 N.J. 581, 584 (2012)).

The party opposing summary judgment "'must do more than simply show that there is some metaphysical doubt as to the material facts[,]'" Triffin v. Am. Int'l Group, Inc., 372 N.J. Super. 517, 523-24 (App. Div. 2004) (quoting Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3rd Cir. 1992)), as "[c]ompetent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" Hoffman v. Asseenontv.com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009) (quoting

Merchs. Express Money Order Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005)).

In arguing the motion court erred in granting summary judgment to defendant, plaintiffs point to defendant's certification in another legal matter from September 2011, electricity payments from January 2013, defendant's testimony that he emigrated to Israel in 2013, and alleged fraudulent behavior between defendant and Sam. Plaintiffs contend these assertions create a genuine issue of material fact, entitling them to a trial rather than a dismissal at the summary judgment stage. We disagree.

The record in this case "show[s] that there is no genuine issue of material fact and that [defendant] is entitled to judgment as a matter of law." R. 4:46-2(c). Plaintiffs simply failed to produce evidence that could sustain their causes of action, despite multiple opportunities to do so.

Plaintiffs also argue that we should reverse the motion court's grant of summary judgment because the same issues of fact regarding the duration of defendant's occupancy of the Property remain today. This argument lacks merit. The court denied the second motion for summary judgment in December 2019. At that time, this litigation had been ongoing for about a year-and-a-half. Nevertheless, the motion court indulgently afforded plaintiffs more time to

obtain the requisite proofs to sustain their causes of action against defendant. Almost a year later, plaintiffs failed to produce evidence to sustain their causes of action. Accordingly, defendant moved for summary judgment for a third time.

The motion court correctly found that almost one year after the close of discovery, plaintiffs had clearly failed to produce sufficient evidence to sustain their causes of action against defendant. Indeed, on Count III (unjust enrichment), plaintiffs could only offer bald assertions that defendant and his counsel are lying about defendant's occupancy of the property. Bald assertions will not rise to a preponderance of the evidence necessary to sustain this cause of action. Considering the burden of persuasion at trial, we are satisfied that the evidence submitted by plaintiffs in opposition to defendant's motion could not sustain a judgment in favor of plaintiffs. See Brill, 142 N.J. at 538.

As to Counts IV (waste of landlord's property) and V (negligent care of landlord's property), plaintiffs failed to produce competent evidence of the duration of time that defendant lived at the Property. The lack of evidence on Counts IV and V is due to plaintiffs' failure to engage in discovery, despite ample opportunity to do so. For example, plaintiffs attempted to prove that defendant wasted their property and negligently failed to maintain their property

12

with a photograph from 2013, taken by Hillsborough Township to show plaintiffs that the Property was in disrepair. Plaintiffs also rely on bald assertions that defendant and Sam "undeniably lived at the Property" from January 2008 until 2013.

The photograph taken by Hillsborough Township is not probative of plaintiffs' claims against defendants. The photograph was taken well beyond any of the dates that plaintiffs allege that defendant occupied the property. Plaintiffs failed to produce any competent evidence that defendant resided at the property while the property fell into disrepair. Plaintiffs also failed to dispute successfully defendant's claim that defendant and Chaim Friedman agreed to a business venture to develop the Property for their mutual benefit and that their Investment Agreement for the venture specifically noted that the house "was to be demolished" as it "was not in livable condition." We discern no reason to disturb the motion court's grant of summary judgment to defendant.

We next turn to defendant's contention that the motion court erred by not imposing sanctions on plaintiffs or their attorney. N.J.S.A. 2A:15-59.1 and Rules 1:48 and 1:52 prohibit counsel from prosecuting a case he or she knows is without merit. Gillman v. Bally Mfg. Corp., 286 N.J. Super. 523, 528 (App. Div. 1996). Under these rules, we analyze the motion court's judgment under

the "abuse of discretion" standard, disturbing its judgment "only if it is 'so wholly insupportable as to result in a denial of justice.'" Goodyear Tire & Rubber Co. v, Kin Properties, Inc., 276 N.J. Super. 96, 106 (App. Div. 1994) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

Frivolous litigation sanctions "are not to be issued lightly; they are reserved for particular instances where a party's pleading is found to be 'completely untenable,' or where 'no rational argument can be advanced in its support[.]"' McDaniel v. Man Wai Lee, 419, N.J. Super. 482, 499 (App. Div. 2011) (quoting United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 389 (App. Div. 2009)). "Where a party has a reasonable and good faith belief in the claims being asserted, reallocation of attorneys' fees and expenses will not be awarded." In re Est. of Ehrlich, 427 N.J. Super. 64, 77 (App. Div. 2012). Further, frivolous litigation sanctions are not appropriate where there is "sufficient legal uncertainty . . . as to the viability of" a claim. McDaniel, 419 N.J. Super. at 499.

We discern no error in the motion court's determination not to award counsel fees to defendant. The court found plaintiffs had a good faith belief in their cause of action at the outset of their case. Defendant did occupy the

14

Property, which ended up in disrepair. Plaintiffs simply failed to prove their causes of action. As noted, sanctions are not warranted where the party or the party's attorney "had a reasonable, good faith belief in the claims being asserted." Ehrlich, 427 N.J. Super. at 77. We see no reason to disturb the court's ruling.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1674-20